# EXHIBIT A

| | |
|---|---|
| Michael Rettenmeyer<br>1130 Kinsington Drive<br>East Stroudsburg, PA 18301<br><br>    Plaintiff<br><br>v.<br><br>LVNV Funding, LLC<br>55 Beattie Place<br>Greenville, SC 29601<br><br>    Defendant | IN THE MONROE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 1130 CV 2025<br><br>Jury Trial Demanded |

## NOTICE

  You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

<div align="center">

MONROE COUNTY BAR ASSOCIATION
FIND A LAWYER PROGRAM
913 MAIN STREET
STROUDSBURG, PENNSYLVANIA 18360
Telephone (570) 424-7288
Fax (570) 424-8234

</div>

| | |
|---|---|
| Michael Rettenmeyer,<br>                Plaintiff<br>v.<br><br>LVNV Funding, LLC,<br>                Defendant | IN THE MONROE COUNTY<br>COURT OF COMMON PLEAS<br><br>Docket No. 1130 CV 2025 |

## COMPLAINT

Monroe County PA Prothonotary
FEB 26 '25 PM2:35

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "the Act"). Defendant communicated with the Plaintiff after Defendant knew that Plaintiff was represented by an attorney.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 1130 Kinsington Drive, East Stroudsburg, PA, 18301.

5. Plaintiff is, and at all relevant times was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. LVNV Funding, LLC is an entity with an address of 55 Beattie Place, Greenville, SC 29601.

7. The principal purpose of Defendant's business is the collection of debts.

8.  Defendant has reason to believe that a non-trivial portion of the accounts that it collects are for obligations for which the money, property, insurance or services which were the subjects of the transactions were primarily for personal, family, or household purposes.

9.  Defendant has reason to believe that it is probably true that the principal purpose of its business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant regularly attempts to collect debts asserted to be due to another. The term "debt" is used in this allegation as that term is defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV.   STATEMENT OF CLAIM

12. The foregoing paragraphs are incorporated herein by reference.

13. LVNV Funding, LLC. is a company which was attempting to collect an alleged debt ("the Account") from Plaintiff.

14. Congress enacted the Act to prevent real harm. Congress found that "abusive debt collection practices [we]re carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. § 1692(d).

15. In order to help curb abusive debt collection practices, the Act prohibits a debt collector from communicating with a consumer after the debt collector knows that the consumer is represented by an attorney.

16. On July 5, 2023, LVNV sued Plaintiff in magisterial district court at Docket No. MJ-43302-CV-0000320-2023 (hereinafter "the Collection Suit") to collect the Account.

17. In the Collection Suit, LVNV was represented by Attorney Gregg Morris.

18. On August 27, 2023, Plaintiff through counsel entered an appearance and a notice to defend in the Collection Suit.

19. LVNV, through its counsel, received notice of the representation from the magisterial district court.

20. On September 5, 2023, counsel for LVNV sent Plaintiff's counsel a copy of a letter it sent to the Court requesting the Collection Suit be withdrawn.

21. Thus, there can be no doubt that, as of September 5, 2023, counsel for LVNV had knowledge that Plaintiff was represented by counsel regarding the Account.

22. In the Collection Suit, LVNV's counsel was an "agent" for LVNV, and LVNV was the "principal".

23. Knowledge of an agent is imputer to the principal.

24. Thus, there can be no doubt that as of September 5, 2023, LVNV had knowledge that Plaintiff was represented by counsel regarding the Account.

25. Thereafter, on September 6, 2023, the Collection Suit was withdrawn.

26. At no time prior or since September 6, 2023 did Plaintiff's attorney consent to LVNV contacting Plaintiff directly.

27. At no time prior or since September 6, 2023 did Plaintiff's attorney fail to respond to a communication from LVNV regarding the Account.

28. Nevertheless, LVNV continued to communicate directly with Plaintiff regarding the Account.

29. Specifically, sometime after withdrawing the Collection Suit, LVNV hired another debt collector, Unifin, Inc, to try to collect the Account from Plaintiff on behalf of LVNV.

30. LVNV knew that Unifin, Inc. would contact Plaintiff to collect the Account.

31. Thereafter, on December 16, 2024, LVNV sought to collect the Account through a letter it had Unifin send on its behalf.

3

32.     As a result of this improper direct communication, Plaintiff made a payment on the Account.

33.     By communicating with Plaintiff directly after Defendant knew that Plaintiff was represented by an attorney, Defendant violated 15 U.S.C. § 1692c(a)(2).

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of no more than $1,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

V.     DEMAND FOR JURY TRIAL

34.     Plaintiff demands a trial by jury as to all issues so triable.

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

**CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2

4

Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

## Verification of Complaint and Certification by Plaintiff

Plaintiff, Michael Rettenmeyer, being duly sworn according to law, deposes as follows:

1. I am a plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02 / 22 / 2025

Michael Rettenmeyer, Plaintiff

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | FDCPA Complaint.pdf |
| **File name** | FDCPA%20Complaint.pdf |
| **Document ID** | 0329a77113d97dcdddd1eb62bc050ef9856760ee |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ◎ Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **02 / 19 / 2025**<br>17:49:41 UTC | Sent for signature to Michael Rettenmeyer (rettenmeyermichael@gmail.com) from shannon@freeman.law<br>IP: 68.70.25.163 |
| VIEWED | **02 / 22 / 2025**<br>17:50:39 UTC | Viewed by Michael Rettenmeyer (rettenmeyermichael@gmail.com)<br>IP: 50.29.183.46 |
| SIGNED | **02 / 22 / 2025**<br>17:51:03 UTC | Signed by Michael Rettenmeyer (rettenmeyermichael@gmail.com)<br>IP: 50.29.183.46 |
| COMPLETED | **02 / 22 / 2025**<br>17:51:03 UTC | The document has been completed. |